**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANUEL LOZANO, | No. 15-56528 |
| Plaintiff-Appellant, | D.C. No. 5:13-cv-143-JVS-AGR |
| v. | |
| PATRICIA KNUDSON, ET AL., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California,
James V. Selna, District Judge, Presiding

Argued and Submitted April 5, 2017
Pasadena, California

Before: CLIFTON and OWENS, Circuit Judges, and ANTOON,[**] District Judge.

California state prisoner Manuel Lozano appeals from the district court's

order granting summary judgment in favor of Defendant jail officials and doctors

on his 42 U.S.C. § 1983 claim that Defendants were deliberately indifferent to his

serious medical needs in violation of his constitutional rights. We review the order

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

granting the motion for summary judgment de novo. *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate and remand.

In the circumstances of this case, the district court erred in granting summary judgment in favor of Defendants without considering Lozano's causation evidence. Throughout the litigation, Lozano, who was proceeding pro se, made clear to the district court that a declaration from his treating ophthalmologist was necessary to establish that Defendants' deliberate indifference caused his vision loss. Lozano asked the district court multiple times how to obtain a declaration, but the court never provided an answer. He nonetheless filed his medical records with the district court, including the notes of his treating ophthalmologist, which the district court acknowledged and "lodged."

In the report and recommendation on the motion for summary judgment, the magistrate judge did not consider the medical evidence filed with the court because Lozano did not cite it in his memorandum. The magistrate judge informed Lozano that in order to raise an issue of material fact as to causation, he needed to file and cite to evidence such as his medical records. But because Lozano had already filed all of his medical records with the court, he could have reasonably believed that those records were insufficient and that it would have been fruitless to file them again in conjunction with his opposition to the motion for summary judgment.

2

Lozano's medical records, if considered, may well have enabled Lozano to establish a genuine issue of material fact as to causation. The medical records showed a six-month delay in Lozano's glaucoma treatment and that he was first diagnosed with partial blindness immediately after that delay. Lozano's treating ophthalmologist remarked in Lozano's medical records that he was partially blind and that her plan for Lozano's glaucoma treatment was "not followed[] [a]t all." *See Pac. Shores Props., LLC v. City of Newport Beach*, 730 F.3d 1142, 1168 (9th Cir. 2013) ("[P]laintiffs bear the burden of demonstrating that the defendant's conduct caused *some* harm suffered by the plaintiffs. . . . [But a plaintiff] doesn't have to offer evidence which positively excludes every other possible cause of the [injury]." (emphasis added) (internal quotation marks and citation omitted)); *see also Stevenson v. Koskey*, 877 F.2d 1435, 1438 (9th Cir. 1989) (applying tort causation factors in the civil rights context).

Due to the case's complexity and Lozano's confusion on the procedural requirements, we vacate and remand with the instruction that the district court allow Lozano to cure technical deficiencies in his filings. *Walters v. Young,* 100 F.3d 1437, 1441 (9th Cir. 1996) ("[T]his court has long sought to ensure that pro se litigants do not unwittingly fall victim to procedural requirements that they may, with some assistance from the court, be able to satisfy."). We strongly urge the district court to appoint pro bono counsel to represent Lozano going forward if

such counsel is available.  If current pro bono counsel is able and willing to accept the assignment (which, we realize, may not be practical), they should advise the district court following issuance of the mandate by this court.

**VACATED and REMANDED**.

Costs are to be taxed against the defendants-appellees.